1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    CARLOS A. RAMIREZ,                        No. 2:20-CV-0448-DMC-P

12            Plaintiff,

13        v.                                    ORDER

14    CASEY L. KOZOLL,

15            Defendant.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18    U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 7.[1]

19            The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C.

21    § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This

26            ─────────────
              [1]      Plaintiff's first amended complaint was filed as of right pursuant to Federal Rule

27    of Civil Procedure 15(a). Plaintiff later file a second amended complaint. See ECF No. 14.
      Because Plaintiff did not obtain prior leave of Court to file a second amended complaint, it will

28    be stricken as improperly filed. The action proceeds on the first amended complaint.

                                                    1

1   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

2   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

3   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

4   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

5   with at least some degree of particularity overt acts by specific defendants which support the

6   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

7   impossible for the Court to conduct the screening required by law when the allegations are vague

8   and conclusory.

9

10                                    **I.  PLAINTIFF'S ALLEGATIONS**

11                Plaintiff names attorney Casey L. Kozoll as the only defendant.  See ECF No. 7,

12   pg. 1.  Plaintiff alleges that his underlying criminal conviction was based on a search warrant

13   executed without probable cause.  See id. at 3.  Plaintiff also appears to allege that Defendant

14   Kozoll, who was his attorney in the underlying criminal case, rendered ineffective assistance.  See

15   id. at 4-5.  Plaintiff seeks $2.5 million in damages.  See id. at 6.

16

17                                         **II.  DISCUSSION**

18                When a state prisoner challenges the legality of his custody and the relief he seeks

19   is a determination that he is entitled to an earlier or immediate release, such a challenge is not

20   cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ

21   of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,

22   131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.

23   1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief

24   alleges constitutional violations which would necessarily imply the invalidity of the prisoner's

25   underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in

26   imposition of a sanction affecting the overall length of confinement, such a claim is not

27   cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by

28   habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-

84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to

malicious prosecution action which includes as an element a finding that the criminal proceeding

was concluded in plaintiff's favor); <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024-25 (9th Cir. 1997)

(concluding that § 1983 claim not cognizable because allegations of procedural defects were an

attempt to challenge substantive result in parole hearing); <u>cf.</u> <u>Neal</u>, 131 F.3d at 824 (concluding

that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and

not to any particular parole determination); <u>cf.</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005)

(concluding that § 1983 action seeking changes in procedures for determining when an inmate is

eligible for parole consideration not barred because changed procedures would hasten future

parole consideration and not affect any earlier parole determination under the prior procedures).

Here, success on the merits of Plaintiff's claims relating to his underlying criminal

case would necessarily imply the invalidity of any conviction resulting from that case.  Plaintiff

has not alleged that the underlying criminal conviction has been overturned or otherwise

invalidated.  It thus appears that Plaintiff's claims are not cognizable under 42 U.S.C. § 1983.  To

the extent Plaintiff can allege facts which would undermine this finding, Plaintiff will be provided

leave to amend.


### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by

amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

informed that, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u>

<u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

amend, all claims alleged in the original complaint which are not alleged in the amended

complaint are waived.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

Plaintiff's amended complaint complete.  <u>See</u> Local Rule 220.  An amended complaint must be

complete in itself without reference to any prior pleading.  <u>See</u> <u>id.</u>

1              If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

2   conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

3   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

4   each named defendant is involved, and must set forth some affirmative link or connection

5   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

6   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7              Finally, Plaintiff is warned that failure to file an amended complaint within the

8   time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

9   1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

10   with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

11   See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

12              Accordingly, IT IS HEREBY ORDERED that:

13         1.     Plaintiff's first amended complaint is dismissed with leave to amend; and

14         2.     Plaintiff shall file a second amended complaint within 30 days of the date

15   of service of this order.

16

17   Dated:  August 3, 2021

18                                 DENNIS M. COTA

19                                 UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28